**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HLV, LLC, a Michigan limited liability Complaint, LANDWORTHY CONTAINER, LLC, a Michigan limited liability company, and ROBERT BAKER, an individual,

Plaintiffs,

vs.

HON. PAUL L. MALONEY
Case No.: 1:13-CV-01366-PLM

VAN BUREN COUNTY, a municipal corporation, VILLAGE OF PAW PAW, a municipal corporation, PAGE & STEWART, an ad hoc professional Partnership, KELLY PAGE, an individual, GARY STEWART, JR., an individual, PAUL HAMRE, an individual, PEGGY GROTE, an individual, MICHAEL MCKAY, an individual, and MICHAEL BEDFORD, an individual,

Defendants.

**PURSUANT TO LOCAL COURT RULE 7.2(d), ORAL ARGUMENT IS REQUESTED.**

---


JORDAN C. HOYER (P75659)
DEREK S. WITTE (P68329)
Attorneys for Plaintiffs
Trust Building, 40 Pearl St., NW
Ste. 924
Grand Rapids, MI 49503
(616) 350-9924
jch@jordanhoyerlaw.com

JAMES E. TAMM (P38154)
Attorney for Defendant McKay
40701 Woodward Avenue, Ste. 105
Bloomfield Hills, MI 48304
(248) 433-2000
jetamm@odtlegal.com

ROBERT A. CALLAHAN (P47600)
Attorney for Defendants
Village of Paw Paw, Page and Stewart
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002
(269) 226-8856
ccallahan@plunkettcooney.com

MICHAEL S. BOGREN (P34835)
Attorney for Defendants
Van Buren County, Hamre and Grote
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002
(269) 226-8822
mbogren@plunkettcooney.com

COLLEEN H. BURKE (P63857)
DONALD D. CAMPBELL (P43088)
Attorney for Defendant Kelly Page
4000 Town Center, Ste. 909
Southfield, MI 48075-1473
(248) 351-5426
Colleen.burke@ceflawyers.com
Donald.campbell@ceflawyers.com

GEORGE MICHAEL DeGROOD, III (P33724)
Attorney for Michael Bedford
400 Galleria Officentre, Ste. 550
Southfield, MI 48034
(248) 353-4450
gdegrood@thomasdegrood.com

**DEFENDANT MICHAEL MCKAY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 12(b)(6) IN LIEU OF ANSWERING PLAINTIFFS' AMENDED COMPLAINT**

**NOW COMES** Defendant, MICHAEL MCKAY, by and through his attorneys, O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C., and moves this Court for summary judgment of Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) in Lieu of Answering Plaintiffs' Amended Complaint. In support thereof, Defendant states as a follows:

1. Plaintiffs' Amended and Partially Verified Complaint alleges multiple claims against Defendant Michael McKay, including Racketeer Influenced and Corrupt Organizations Act (RICO), malicious prosecution, and allegedly accepting bribes in violation of MCL §750.117, 750.118 and 750.123. **(See Plaintiffs' First Amended Complaint).**

2. The First Amended Complaint includes a lengthy recitation of facts, many of which do not involve Defendant McKay, however the core dispute arises out of a settlement agreement in the case *HLV, LLC v ELC Leasing, et al.*, Case No. 11-61-558-CH, Van Buren County, Michigan. **(Pl.'s First Amended Complaint, ¶20).**

3. In that case, Plaintiffs' allege that HLV filed suit against ELC Leasing ("ELC") and its affiliates to collect $600,000 owed to HLV. **(Pl.'s First Amended Complaint ¶20).**

4. A settlement agreement was reached and it was memorialized in an Order signed by Circuit Court Judge Paul Hamre on October 11, 2012.

5. Plaintiffs' allege that ELC failed to adhere to the terms of the settlement agreement. **(Pl.'s First Amended Complaint, ¶22, 23).**

6. On March 6, 2013 Judge Hamre signed an Ex Parte Temporary Restraining Order enjoining HLV from taking any actions to collect against ELC or its affiliates. **(Pl.'s First Amended Complaint, ¶32).**

7. The Temporary Restraining Order was then extended by a second Ex Parte Order signed by Judge Hamre on March 22, 2013. Plaintiffs allege that Judge Hamre's signature on this Order was forged. **(Pl.'s First Amended Complaint, ¶40, 49).**

8. On April 9, 2013, HLV's attorney, Donovan Visser, and its representative, Plaintiff Robert Baker went to ELC's office to inspect records. **(Pl.'s First Amended Complaint, ¶65).**

9. According to Plaintiffs' Complaint, Mr. Visser attempted to open boxes to inspect records, but ELC's employees physically interfered with his efforts. Additionally, ELC's employees allegedly blocked the Mr. Visser and the Bakers' vehicle so that it could not leave the premises. **(Pl.'s First Amended Complaint, ¶70, 72).**

10. Plaintiff Baker recorded some of the events that took place at ELC's office on his cell phone. **(Pl.'s First Amended Complaint, ¶73).**

11. The Van Buren County Sheriff's Office received a call to report that individuals were on their property attempting to take records. Van Buren County Sheriff's Deputy Dan Perkin's was dispatched to investigate. **(See Exhibit 7 to Plaintiffs' First Amended Complaint, Deputy Perkin's Incident Report).**

12. While on the scene, Deputy Perkins was informed that Mr. Visser and Plaintiff Baker were violating the Temporary Restraining Order. **(Exhibit 7 to Pl.'s First Amended Complaint).**

13. Another ELC employee, Brenda Turner, told Deputy Perkins that Mr. Visser pushed her. **(Exhibit 7 to Pl.'s First Amended Complaint).**

14. Deputy Perkins was additionally informed that Plaintiff Baker had recorded some videos of the incident on his cell phone. Plaintiff Baker refused to give Deputy Perkins permission to search his phone. **(Exhibit 7 to Pl.'s First Amended Complaint).**

15. After a search warrant was obtained, Deputy Perkins reviewed the videos on Plaintiff Baker's phone, but did not find anything criminal in nature in the videos. **(Exhibit 7 to Pl.'s First Amended Complaint).**

16. The report stated that the case was open and that a copy of the report was being provided to Michael Bedford, Van Buren County Prosecutor, for possible charges of assault and trespassing against Mr. Visser, and trespassing against Plaintiff Baker. **(Exhibit 7 to Pl.'s First Amended Complaint).**

17. On or about May 7, 2013, arrest warrants were issued for Mr. Visser and Plaintiff Baker arising out of the April 9, 2013, incident.

18. The charges against Mr. Baker were dropped on June 19, 2013. **(Pl.'s First Amended Complaint, ¶146).**

19. On December 6, 2013, the charges against Mr. Visser proceeded to trial. Defendant McKay was the prosecuting attorney. **(Pl.'s First Amended Complaint, ¶146).**

20. The trespass charge was dismissed on directed verdict and assault charged ended in a hung jury. **(Pl.'s First Amended Complaint, ¶147).**

21. Defendant McKay is entitled to absolute immunity because he acted "within the scope of his duties in initiating and pursuing a criminal prosecution. " ***Imbler v Pachtman*, 424 U.S. 409, 410 (1976).**

22. Additionally, Defendant McKay is entitled to qualified immunity because his actions "did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982).**

23. Further, Plaintiffs' do not have standing to allege claims regarding Donovan Visser since he is not a party to this action. ***Jaco v. Bloechle,* 739 F.2d 239, 242 (6th Cir. 1984).**

24. Plaintiffs' have failed to state a claim or provide factual support regarding the allegations of bribery, and they should therefore, be stricken from the Complaint or dismissed. ***Bishop v Lucent Technologies, Inc.* 520 F.3d 516, 519 (6th Cir. 2008).**

25. Pursuant to Local Court Rule 7.2(d), oral argument is requested.

26. On June 5, 2014, pursuant to Local Court Rule 7.1(d), Defendant's counsel attempted to obtain concurrence in the relief requested but was unable to speak with Plaintiffs' counsel.

**WHEREFORE,** Defendant Michael McKay respectfully requests that you grant this motion and enter an order dismissing Plaintiff's Complaint with prejudice.

O'CONNOR, DeGRAZIA, TAMM & O'CONNOR, P.C.

By: /S/ James E. Tamm

JAMES E. TAMM (P38154)
Attorney for Defendant Michael McKay
40701 Woodward Avenue, Ste. 105
Bloomfield Hills, MI 48304
(248) 433-2000/(248) 433-2005 DID
jetamm@odtlegal.com

DATED: June 6, 2014