IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HLV, LLC, et al.,

       Plaintiffs,

v.                                                                    1:13cv1366PLM
                                                                      Hon. Paul L. Maloney

VAN BUREN COUNTY, et al.,

       Defendants.

_____/

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs HLV, LLC, Landworthy Container, LLC and Robert Baker (collectively "HLV") respectfully submit this Supplemental Memorandum in Opposition to Motion to Dismiss and Notice of Additional Authority and state as follow:

### Introduction

Rather than litigating this matter in this Court and allowing the legal process to develop as it should, Defendants Bedford and Stewart have chosen to sue their accusers' attorneys for defamation. Like most SLAPP[1] suits, the Defendants' defamation lawsuit is an abuse of process and an attack on the First Amendment. Unfortunately, Defendants' stunt complicates matters for this Court. By suing the Plaintiffs' attorneys in state court, Defendants must now prove, among other things, that the alleged statements that Plaintiffs' counsel made about them, are false. (*See* **Ex. A**, Bedford and Stewart Complaints against Plaintiffs' Counsel). The allegedly defamatory statements, however, are the very bases of the federal lawsuit against them. Therefore, the substantive issues in the state case are identical to those here. As a result, Plaintiffs request that

---

[1] Strategic Lawsuit Against Public Participation

the Court consider the effect of the parallel state court defamation matter when ruling on the pending motion to dismiss. And, should the Court dismiss any of the claims in this lawsuit, which Plaintiffs do not believe it should, Plaintiffs respectfully request that the Court do so without prejudice.

It is not, however, surprising that Defendants are trying to avoid liability by attacking Plaintiffs' counsel in another forum, given that the Sixth Circuit has recently issued an opinion that further deteriorates their immunity arguments. As discussed in greater depth below, the Sixth Circuit stated in a recent opinion that when a party raises sufficient "genuine disputes of material fact" regarding, among other things, malicious prosecution claims, then the court should not decide any claims of qualified immunity on summary judgment. *David Ayers v. City of Cleveland*, 773 F.3d 161, 167 (6th Cir. 2014).

## Argument

I.    Defendants Bedford and Stewart Have Filed A SLAPP Suit.

SLAPP suits are "lawsuits deployed to deter citizens from exercising their political rights by burdening them with litigation." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir. 2014). "The point of a strategic lawsuit is not necessarily to win it, but rather to impose litigation costs." *Id.* Litigation on an issue of public importance is considered political activity under the SLAPP analysis. Twenty-eight states and the District of Columbia have Anti-SLAPP statutes to protect parties from using litigation to silence their detractors.

In those jurisdictions, a "party may file a special motion to dismiss any claim arising from an act in furtherance of the right of advocacy." D.C. CODE §16-5502(a) (2012) (The District of Columbia Anti-SLAPP statute is similar to the Anti-SLAPP legislation in 27 other states). And, "If a party filing a special motion to dismiss under this section makes a *prima facie*

showing that the claim at issue arises from an act in furtherance of the right of advocacy on issues of public interest, then the motion shall be granted. . . ."  D.C. CODE §16-5502(b) (2012); *see also* 735 ILL. COMP. STAT. 110/15 (2007), IND. CODE §34-7-7-5 (2007).   Further an act in the furtherance of the right of advocacy means:

> (A) Any written or oral statement made:
>   (i) In connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or
>   (ii) In a place open to the public or a public forum in connection with an issue of public interest; or
> (B) Any other expression or expressive conduct that involves petitioning the government or communicating views to members of the public in connection with an issue of public interest.

D.C. CODE §16-5501 (2012).

Defendant Bedford and Stewart's suit against Plaintiffs' counsel falls within the definition of a SLAPP suit under most anti-SLAPP statutes, because their entire claim is based upon Mr. Witte and Ms. Hoyer's statements in the litigation record in this case and to the media regarding the public corruption in Van Buren County.  These are, by definition, statements protected by the First Amendment that would be covered by the Anti-SLAPP statutes in other states.

Although Michigan is not one of the states that has passed Anti-SLAPP legislation, Michigan litigants can seek relief for abuse of process or malicious prosecution when they finally dispose of the SLAPP suit.[2] The elements of an action for malicious prosecution of a civil proceeding are (1) prior proceedings terminated in favor of the present plaintiff, (2) the absence of probable cause for the prior proceedings, (3) malice, which is defined as a purpose other than

---

[2] Plaintiffs here have put Defendants Bedford and Stewart and their attorneys, Silver and Van Essen, on notice of their preservation obligations with regard to all emails, communications, ESI and other documents relating to the likely abuse of process and malicious prosecution claims. (*See* **Ex. B**, Feb. 12, 2015 Letter from Derek S. Witte to Lee T. Silver)

to secure the proper adjudication of the claim, and (4) a special injury flowing directly from the prior proceedings. *Friedman v. Dozorc*, 412 Mich. 1, 48, 312 N.W.2d 585 (1981); *Young v. Motor City Apartments Ltd. Dividend Housing Ass'n No. 1 & No. 2*, 133 Mich. App. 671, 675, 350 N.W.2d 790 (1984); MCL 600.2907 (malicious prosecution statute); *see also* Anti-SLAPP Law in Michigan, Digital Medial Law Project (August 19, 2010), available at www.dmlp.org/legal-guide/anti-slapp-law-michigan.

Given that Michigan has no anti-SLAPP statute, Plaintiffs' counsel must endure the SLAPP suit and seek relief after disposing of that case. Until then, however, the issues before this Court are also before the 17th Judicial Circuit Court of Kent County, Michigan. Not only will these competing claims cause the parties to litigate this matter in two Courts, it creates a risk of conflicting rulings and inconsistent adjudication of Plaintiffs' claims.

II.    The Issues In The SLAPP Suit Are The Same Issues In The Case At Hand.

In the case at hand, Plaintiffs have made numerous allegations of RICO violation and other criminal and civil claims against Defendants. (Doc. 49, First Am. Cplt. ¶¶ 178-207.) In the state court defamation action (the SLAPP suit), Bedford and Stewart argue that Plaintiffs made knowingly false statements that Bedford and Stewart engaged in those same acts. (**Ex. A**, Bedford ¶¶ 33, 66; Stewart ¶¶ 30, 39.) As such, the issues of fact in this case are the same as the issues of fact in the state SLAPP suit filing. If Plaintiffs prevail in this lawsuit, then by definition, counsel's statements about Defendants' culpability will be proven true and the defamation suit will be decided. Likewise, if Plaintiffs' counsel proves in the state court action that their statements were truthful, then those findings will be, at the least, persuasive evidence in the case at hand.

4

III.    To The Extent That The Court Dismisses Any Of Plaintiffs' Claims, It Should Do So Without Prejudice, Because Additional Facts May Be Discovered Through Defendants' SLAPP Suit.

Given that Defendants have chosen to fight this battle on two fronts, they should now be held to that decision. Although there are numerous bases to reject Defendants' Rule 12 motions in this case, as set forth in Plaintiffs' briefs, (Doc. Nos. 39 and 67), if the Court grants Defendants' multiple Rule 12 motions, in whole or in part, it should do so without prejudice. This is important so that additional discovery, findings or rulings in the state court action can be used to supplement the pleadings here. Indeed, a Rule 12 motion should not be denied with prejudice if the factual assertions in the Complaint are still contested issues of fact. *See e.g., Erickson v. Goodell Oil Co.*, 384 Mich. 207, 213, 180 NW2d 798, 800-801 (1970) (although this is a state court decision based on a superseded court rule, the assertion that a "trial court shall deny without prejudice a motion to dismiss 'if disputed questions of fact are involved' still applies); *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955, 1964-65 (2007) (summary judgment is not proper when there are genuine issues of material fact).

IV.    The Sixth Circuit Recently Issued An Opinion That Calls Defendants' Arguments For Dismissal On Immunity Grounds Into Further Question.

In *Ayers*, the Plaintiff, who had been convicted of murder, filed a Section 1983 claim against the detectives in charge of his murder investigation. *Ayers*, 773 F.3d at 165. He alleged that the detectives fabricated false reports, testimony, and other evidence in violation of Ayers's due process rights; [and, among other things] participated in the malicious prosecution of Ayers." *Id*. The detectives argued for immediate dismissal based on qualified immunity. The Court noted that the trial court correctly refused to summarily decide the immunity issue before trial, because there were "genuine disputes of material fact relating to the Brady and malicious prosecution claims." *Id.* at 167.

Here, Defendant Bedford, like the detectives in Ayers, moved to summarily dismiss the claims against him on immunity grounds.  Doc. 26, Bedford Mot. to Dismiss Br. at 1, 3, 9. However, as Plaintiffs argued in their Consolidated Response to the Defendants' Rule 12 Motions, a party is not entitled to summary dismissal on immunity grounds when there is an issue of fact regarding whether the alleged actions fall within the scope of the immunity. Prosecutorial immunity is limited to acts that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 420.  The Supreme Court does not allow simple blanket immunity.  *See id*.; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *see also Forrester v. White*, 484 U.S. 219 (1988).  Instead, absolute immunity depends on the "nature of the function performed, not the identity of the actor who performed it."  *Buckley*, 509 U.S. at 269.  Thus, Bedford can only claim immunity for actions within the scope of his prosecutorial role.

Because Plaintiffs have made allegations against Bedford regarding actions he took outside of his prosecutorial role[3], which were supported with emails produced by Mr. Bedford himself subject to a FOIA request, there are indeed genuine issues of fact regarding his claimed immunity.  As such, according to all of the authority in the Plaintiffs' Consolidate Response and the recent *Ayers* opinion, Bedford's immunity argument should be rejected – at least at this stage of the lawsuit.

It is also noteworthy that the *Ayers* court held that the detectives in that case waived their qualified immunity defenses.  Although the *Ayers* defendants waived their qualified immunity

---

[3] Plaintiffs allege that:  Defendant Page fixed a speeding ticket at Bedford's request; (Dkt. 1, Cplt. ¶¶ 157-61; Dkt. 37, 1st Am Cplt. ¶¶ 192-96), Defendant Bedford accepted bribes from Defendants Page and Stewart; (Dkt. 1, Cplt. ¶ 165; Dkt. 37, 1st Am. Cplt. ¶ 201),  Bedford gave favors and referrals to Defendants Page and Stewart in exchange for those things of value given to him, (Dkt. 1, Cplt. ¶¶ 147-78; Dkt. 37, 1st Am. Cplt. ¶¶ 178-219).  These actions are not related to the judicial process and should not protect Bedford from liability for his actions.

defenses by failing to preserve the defense during trial and on appeal, as opposed to waiving it in the same manner as Bedford here[4], the opinion nonetheless provides further support for Plaintiffs' assertion that qualified immunity can indeed be waived.  Therefore, *Ayers* provides additional support for the two waiver arguments Plaintiffs made against Bedford.

**Conclusion**

For the foregoing reasons, and for the reasons set forth in Plaintiffs' other briefs in opposition to Defendants' motions to dismiss, Plaintiffs respectfully request that the Court take note of Plaintiffs' strategic lawsuit against public participation and the recent Sixth Circuit opinion, *Ayers v. City of Cleveland*, and enter an order denying all of Defendants' Rule 12 motions.

Dated:  February 13, 2015

_____

Counsel for Plaintiffs
Derek S. Witte (P68329)
Jordan C. Hoyer (P75659)
The Law Office of Jordan C. Hoyer, PLLC
The Trust Building
40 Pearl Street N.W., Suite 924
Grand Rapids, MI 49503
(616) 350-9924
derek@jordanhoyerlaw.com

---

[4] *First*, Bedford waived immunity by claiming that he had nothing to do with the retaliatory charges brought against Bob Baker and Donovan Visser. (Doc. 37, Am. Cplt. ¶ 87.)   Presumably because the police report regarding the incident specifically stated that the Sheriff did not believe a crime was committed, Defendant Bedford then claimed that it was solely the decision of Assistant Prosecutor Michael McKay to prosecute.  (Doc. 37, 1st Am. Cplt. ¶ 253.) Bedford cannot now invoke immunity, because he waived it by taking an inconsistent position – namely that he had no involvement in the claims alleged against him.  *Second*, Bedford waived his immunity defense by filing a defamation lawsuit against Plaintiffs' counsel.  The purpose of prosecutorial immunity is to prevent any such scrutiny.  The nature of absolute immunity is such that "it accords protection from judicial scrutiny of the motive for and reasonableness of official action."  *Robison v. Via*, 821 F.2d 913, 918 (2d Cir. 1987); *see also Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997).   By demanding a factual inquiry into whether counsel's statements about him – both in this lawsuit and on the news – are true, he is inviting the very scrutiny from which immunity protects him. Such a demand is diametrically opposed to his claim of immunity, and thus Bedford waives it.

7