UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HLV, LLC, ET AL. )
       Plaintiffs, )
        ) No. 1:13-cv-1366
-v- )
        ) HONORABLE PAUL L. MALONEY
PAGE & STEWART ET AL., )
       Defendants. )
_____)

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a motion to dismiss under Rule 12(b)(6) filed by Defendants Kelly Page and Page & Stewart. (ECF No. 115.)[1]

**I.**

Plaintiffs filed their initial complaint in December 2013. (*See* ECF No. 1.) After a battery of responsive motions and initial confusion, Plaintiffs were granted leave to amend their complaint. (*See* ECF No. 46.) The first amended complaint was filed in February 2014. (*See* ECF Nos. 47, 49.) Thereafter, another battery of responsive motions were filed. The Court granted all motions in two separate orders (*see* ECF Nos. 96, 98), but allowed Plaintiffs to file an amended complaint as to Count V only. The Court held: "Counts I, II, and IV are DISMISSED and Count V is DISMISSED against Defendant Stewart. Plaintiffs may file an amended complaint on Count V only by July 22, 2015." (ECF No. 98 at PageID.2254.) Thus, Plaintiffs amended their conspiracy claim under 42 U.S.C. § 1983 against all of the remaining defendants. (*See* ECF No. 114.)

Defendants Kelly Page and Page & Stewart filed a joint motion under Rule 12(b)(6) (*see* ECF No. 115), despite not filing an initial motion to dismiss on that claim.

---

[1] This order does not concern the other pending motion to dismiss filed by Gary Stewart, Jr. (*See* ECF No. 118.)

1

## II.

As an important threshold matter, Defendants Kelly Page and Page & Stewart did not raise any argument in their prior motion to dismiss with respect to Count V of the first amended complaint. Accordingly, the Court *only* dismissed Count V as to Defendant Gary Stewart in its prior order. (*See* ECF No. 98 at PageID.2254 ("Counts I, II, and IV are DISMISSED and *Count V is DISMISSED against Defendant Stewart*. Plaintiffs may file an amended complaint on Count V only by July 22, 2015." (emphasis added)).)

Thus, Plaintiffs persuasively argue that this Rule 12(b)(6) motion is improper, and at a minimum, these defendants must file an answer.

Rule 12(g)(2) provides the following:

> *Limitations on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2).[2] Simply put, these defendants improperly raise the argument through a second Rule 12(b)(6) motion. The Sixth Circuit and other available guidance is clear on this point.

The Sixth Circuit first applied this relatively obscure rule in an unpublished case. *See Swart v. Pritcher*, 9 F.3d 109, at *2 (6th Cir. 1993) (unpublished table) ("[W]e affirm the district court's denial of the second motion to dismiss on the grounds that the defense could not be raied in a second pre-answer motion to dismiss."). However, the Circuit adopted that interpretation in a subsequent, published case. *See English v. Dyke*, 23 F.3d 1086, 1090 (1994) ("Thus, as this Court recently held in an unpublished opinion, a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second *pre-answer* motion to dismiss."). And other

---

[2] Rule 12(h)(2) provides that the defense for failure to state a claim may be raised later. *See* Fed. R. Civ. P. 12(h)(2).

2

published dicta supports that conclusion. *See, e.g., Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701, n.3 (6th Cir. 1978) (citing Charles Alan Wright & Arthur R. Miller, 5C Federal Practice and Procedure § 1384) ("Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.").

The Court was clear that its prior order only dismissed Count V as to Gary Stewart. (*See* ECF No. 98 at PageID.2254.) The purpose behind the adoption of Rule 12(g) was to do away with prior common-law privileges enjoyed by defendants, who often filed "numerous pretrial motions . . . many of them in sequence." *Id.*

Defendants did not even address this argument in their reply, but one plausible question needs to be analyzed: whether the filing of an amended complaint revives the right to present the defense through another Rule 12(b)(6) motion. The answer, is "no," per the great weight of case authority.

"The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Id.* § 1388; *see, e.g., Rauch*, 576 F.2d at 701, n.3 ("Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant *advances every Rule 12 defends and objection he may have that is assertable by motion*." (emphasis added)); *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Limbright v. Hofmeister*, 2010 WL 1740905, at *2 (E.D. Ky. Apr. 27, 2010) ("Defendants' motion to dismiss is not saved by the fact that Plaintiffs filed an Amended Complaint.").

The Sixth Circuit does note, however, that the defense is not necessarily waived. *See supra* note 1; *Swart*, 9 F.3d at 109, *3.

4

Accordingly, the Court **DENIES** Defendants' motion to dismiss (ECF No. 115) and **ORDERS** Defendants Kelly Page and Page & Stewart to file an answer no later than 21 days from today.

**IT IS SO ORDERED**.

Date: April 22, 2016                               /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge