UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

_____

HLV, LLC, a Michigan limited liability
company; LANDWORTHY CONTAINER,
LLC; a Michigan limited liability company;
and ROBERT BAKER, an individual,

        Plaintiffs,

-vs-

VAN BUREN COUNTY, a municipal corporation;
VILLAGE OF PAW PAW, a municipal corporation;
PAGE & STEWART, an ad hoc professional
partnership; KELLY PAGE, an individual;
GARY STEWART, JR., an individual; PAUL
HAMRE, an individual; PEGGY GROTE, an
individual, MICHAEL MCKAY, an individual,
and MICHAEL BEDFORD, an individual,[1]

        Defendants.

Case No. 1:13-cv-1366-PLM

HON. PAUL L. MALONEY

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT STEWART'S EMERGENCY MOTION
FOR PROTECTIVE ORDER**
_____

      COMES NOW the Plaintiff, by and through undersigned counsel, and submits this

Response to Defendant Stewart's Emergency Motion for Protective Order (the "Emergency

Motion") and in support thereof, states the following:

    1. On April 13, 2018, Defendant Stewart filed an Emergency Motion asking this Court to

       enter a protective order precluding "Plaintiff from communicating or broadcasting the fact

       of settlement or the amount of settlement with Defendants Kelly Page and 'Page &

       Stewart' alleged entity" until "trial in this matter is completed".  (ECF 470, PageID.

---

[1] Defendants Van Buren County, Village of Paw Paw, Peggy Grote, Paul Hamre, Michael McKay and Michael
Bedford have been dismissed by Orders of this Court dated June 29, 2015 and June 30, 2015.

7330).

2.  Defendant Stewart's Emergency Motion expressed concern that Plaintiff would publically disclose the settlement which in turn would taint the potential jury pool.  Despite the policy favoring disclosure to the public, Plaintiff agrees that it will not publically release the fact or amount of settlement until trial in this matter has concluded.

3.  Since Defendant Stewart's Emergency Motion seeks a protective order through the end of trial in this matter, Stewart apparently also asks this Court to preclude Plaintiff from introducing the fact or amount of settlement with Defendants Page and "Page & Stewart" at trial.

4.  Plaintiff does not object to the entry of such Order so long as (1) any such Order applies equally to both Parties, and Defendant is similarly precluded from communicating or broadcasting the fact or amount of settlement with Defendants Page and "Page & Stewart" until trial in this matter is completed and (2) this Court gives the following jury instruction:

> Paul Hamre, Kelly Page, and the alleged entity Page & Stewart are no longer defendants in this case. You should not consider any claims against Paul Hamre, Kelly Page, or the alleged entity Page & Stewart. Do not speculate on the reasons. You should decide this case as to the remaining parties.[2]

WHEREFORE, Plaintiff respectfully requests that this Court enter an order that precludes both parties from disclosing to the jury or publicly disseminating the fact or amount of settlement with Defendant Page or Page & Stewart until the end of trial and give the above noted instruction.

---

[2] From Federal Civil Jury Instructions of the Seventh Circuit, Instruction No. 1.26 (2010) as cited in 3 Fed. Jury Prac. & Instr. §102.61 (6th Ed.). See also Sixth Circuit Criminal Pattern Jury Instructions, 2.01(3), 3.06, and 8.08(2).

VISSER AND ASSOCIATES, PLLC

Dated:  April 16, 2018          __/s/ Brittany B. Dzuris_____
                              Brittany B. Dzuris (P81438)
                              VISSER AND ASSOCIATES, PLLC
                              J. Nicholas Bostic (P40653)
                              BOSTIC & ASSOCIATES, PLLC
                              *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2018 the foregoing document was served on all parties of record via electronic mail.

                              By: __/s/ Brittany B. Dzuris_____.