UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| HLV, LLC, a Michigan limited liability company; LANDWORTHY CONTAINER, LLC; a Michigan limited liability company; and ROBERT BAKER, an individual, | Case No. 1:13-cv-1366-PLM |
| | HON. PAUL L. MALONEY |
| Plaintiffs, | |
| -vs- | |
| VAN BUREN COUNTY, a municipal corporation; VILLAGE OF PAW PAW, a municipal corporation; PAGE & STEWART, an ad hoc professional partnership; KELLY PAGE, an individual; GARY STEWART, JR., an individual; PAUL HAMRE, an individual; PEGGY GROTE, an individual, MICHAEL MCKAY, an individual, and MICHAEL BEDFORD, an individual,[1] | |
| Defendants. | |

_____

**PLAINTIFF'S MOTION TO REQUIRE INTERVENTION BY PRIOR ATTORNEY**
_____

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby requests that The Law Office of Jordan C. Hoyer, PLLC be required to intervene or otherwise participate in this action relative to the determination of attorney fees. In support thereof, Plaintiff states as follows:

1. On July 25, 2013, Plaintiff entered into a contingency fee agreement with The Law Office of Jordan C. Hoyer, PLLC ("Hoyer"). Shortly after the initial Complaint was filed in this matter, Defendant Gary Stewart and another party threatened Hoyer with a defamation action.

---

[1] Defendants Van Buren County, Village of Paw Paw, Peggy Grote, Paul Hamre, Michael McKay and Michael Bedford have been dismissed by Orders of this Court dated June 29, 2015 and June 30, 2015.

Hoyer was then sued. As a result, Hoyer decided it wished to withdraw as counsel for HLV.

2. Hoyer abandoned Plaintiff and filed a motion to withdraw, which request this Court granted on August 6, 2015.

3. On January 4, 2016, Hoyer served a Claim of Lien asserting a lien of $130,663.90.

4. Plaintiff does not know what time or expenses are contained in said Claim of Lien.

5. Pursuant to Hoyer's fee agreement, recovery is limited to amounts approved by this Court.

6. Plaintiff has informed Hoyer of the jury's verdict in this matter and that claims for attorney fees must be filed within 14 days of April 26, 2018.

7. Failure to allow Hoyer to participate in any fee determination hearing may deprive Hoyer of a meaningful opportunity to protect its interests.

8. Plaintiff believes it is necessary for Hoyer to be joined to this matter so that Hoyer is bound by any determination as to attorney fees made by this Court.

WHEREFORE, Plaintiff requests that The Law Office of Jordan C. Hoyer, PLLC, be joined as an interested party and be allowed/required to submit to this Court any petition for fees that it determines is appropriate and that this Court establish a date by which The Law Office of Jordan C. Hoyer, PLLC submit such a petition or be forever barred from claiming any attorney fees or costs.

VISSER AND ASSOCIATES, PLLC

Dated: May 4, 2018  /s/ Brittany B. Dzuris            .
Brittany B. Dzuris (P81438)
Donald R. Visser (P27961)
VISSER AND ASSOCIATES, PLLC
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 4, 2018 the foregoing document was served on all parties of record via electronic mail.

                                            By   /s/ Brittany B. Dzuris