IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HLV, LLC, a Michigan limited liability
company, LANDWORTHY CONTAINER,
LLC, a Michigan limited liability company,
and ROBERT BAKER, an individual,

      Plaintiffs,

-vs-                               Case No:  1:13cv1366PLM
                                    Honorable Paul L. Maloney

VAN BUREN COUNTY, a municipal
corporation, VILLAGE OF PAW PAW,
a municipal corporation, PAGE & STEWART,
an ad hoc professional partnership, KELLY
PAGE, an individual, GARY STEWART, JR.,
an individual, PAUL HAMRE, an individual,
PEGGY GROTE, an individual, MICHAEL
MCKAY, an individual, and MICHAEL
BEDFORD, an individual,

      Defendants.
_____

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR COSTS AND ATTORNEY FEES**

**I.    INTRODUCTION.**

      In the experience of counsel for Gary Stewart, greed is often a Plaintiff's worst

enemy. Perhaps this lawsuit, with its verdict of only $1.00 in nominal damages, and

Plaintiff's instant motion, graphically exemplifies this observation.[1] Pursuant to *Farrar v.*

*Hobby,* 506 U.S. 103 (1992), and its progeny, this Court must deny Plaintiff's Bill of Costs

and motion for costs and fees. (ECF Nos. 516, 518).  Indeed, Plaintiff's request is even less

meritorious than those of the unsuccessful fee applicants in *Farrar* and the many other

---

[1] By way of example, but most certainly not with limitation, Plaintiff seeks reimbursement for time spent on
April 27, 2018, to begin drafting a Press Release regarding the results of the trial!  See ECF #519-2, PageID
#7714, entry #973.

cases discussed below that applied *Farrar*, given Plaintiff's multiple rejections of monetary settlements.

## II.      PROCEDURAL HISTORY.

After a six (6) day jury trial, the jury in this case returned a verdict in the amount of $1.00 nominal damages in favor of Plaintiff, thereby rejecting in its entirety Plaintiff's request for substantive damages of $2,700,000.00.

Trial was had on Plaintiff's claim that Gary Stewart had conspired with former Judge Paul Hamre and Kelly Page to deprive Plaintiff of property without due process of law in the *HLV v. ELC* Collection Action. Previously, this Court granted Stewart's motion for summary judgment on Plaintiff's claim that Gary Stewart and Kelly Page had conspired with prosecuting attorneys Michael Bedford and Michael McKay in the prosecution of Robert Baker and Donovan Visser.

This case had been ordered to early mediation. The initial mediation was held on October 27, 2016. At that mediation, Plaintiff's demand was $ 1,600,000.00. Plaintiff was offered the amount of $ 5,000.00, in the hope of avoiding the incurrence of significant costs and attorney fees. (**Exhibit A,** Affidavit of Robert A. Callahan). The parties later participated in a settlement conference on March 7, 2018. Plaintiff's demand at the settlement conference was $1,450,000.00, and Stewart offered $55,000.00 to resolve Plaintiff's claim against him. At the conclusion of the settlement conference, Plaintiff was demanding $1,200,000.00. A second mediation was conducted on April 5, 2018. Plaintiff finally reduced its demand under $1,000,000.00, and Stewart offered $75,000.00. On April 13, 2013, the sum of $100,000.00 was extended to Plaintiff. On April 14, 2018, a final offer of $115,000.00 was offered to Plaintiff.  This was rejected out of hand.

The lowest demand Plaintiff ever made was $200,000.00, and that was conditioned on a stipulation providing that his claim for costs and fees would still be determined by this Court.  Plaintiff thus made it clear that, from his perspective, this case was always about a substantive monetary recovery combined with a recovery of attorney fees.

III.     ANALYSIS AND ARGUMENT.

A.     Plaintiff Is Entitled To No Costs And Fees As A Prevailing Party Pursuant To *Farrar v. Hobby.*

That Plaintiff is the prevailing party for the purposes of 42 U.S.C. §1988, there can be no dispute. *Farrar v. Hobby,* 506 U.S. at 112 (1992). That mere fact, alone, does not entitle Plaintiff to an award of costs and fees, much less the total amount now being claimed. Any award of costs or fees is up to the discretion of this Court, and must be "reasonable." See 42 U.S.C. §1988.

*Farrar* is on-point and dispositive of Plaintiff's fee request.  There, as here, the plaintiffs obtained a favorable verdict on their claim that their constitutional rights had been violated, but were given a nominal damages award of $1.00 - despite asking for an award of millions.  The district court awarded the plaintiff $280,000.00 in fees on the grounds that the plaintiff was the prevailing party.  The Fifth Circuit vacated the fee award on the grounds that the plaintiff was not the prevailing party.  The Supreme Court disagreed with the Fifth Circuit that the plaintiff was the prevailing party, but - importantly here - agreed that the Fifth Circuit correctly vacated the award, i.e., that the district court abused its discretion in awarding the plaintiff attorney fees.[2]

---

[2] A district court's award of attorney fees and costs to a prevailing party under 42 U.S.C. § 1988 is reviewed for an abuse of discretion. *Waldo v. Consumers Energy Co*, 726 F.3d 802, 821 (CA 6, 2013); *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir.2007).

The Court in *Farrar* recognized that, while not all civil rights suits are primarily about monetary damages, when such a suit does seek damages, the awarding of nominal damages "highlights the plaintiff's failure to prove actual, compensable injury." *Id.,* at 115. The mere "moral satisfaction of knowing that a federal court concluded their rights had been violated" does not warrant an award of fees. *Farrar, supra* at 114.  The Court further noted where recovery of private damages is the purpose of a civil rights lawsuit, a Court in fixing fees "***is obligated*** to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id.* at 114, (quoting *Riverside v. Rivera,* 477 U.S. 561, 585 (1986)) (emphasis added).

Based on this analysis, the Court concluded that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all." *Id.* at 115 (citation omitted).  Based on that conclusion, the Court agreed with the Fifth Circuit that the trial court had reversibly erred, i.e., abused its discretion, by awarding fees.

In a concurring opinion, Justice O'Connor properly noted that in the context of that lawsuit, the technical or de minimis nature of *Farrar's* victory was readily apparent – "he asked for a bundle and got a pittance." *Id.* at 120. *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983), noting that the ***most critical*** factor in an attorney-fee analysis is the degree of success obtained by the Plaintiff. *Id.* at 436.

The Sixth Circuit has rightly construed *Farrar* as flatly disallowing an award of attorney fees in favor of a civil rights plaintiff who is awarded only nominal damages.  In *Hadix v. Johnson*, 230 F.3d 840, 847–48 (6th Cir. 2000), the court said:

> It is thus that the Supreme Court has held that in civil rights suits for compensatory damages, attorney fees should not be awarded to a

4

prevailing plaintiff that receives only nominal damages. See id. at 115, 113 S.Ct. 566. In this regard, it is clear that § 1988 is not designed "to produce windfalls for attorneys."

*Id.,* at 847-848 (citation omitted).

Indeed, the Sixth Circuit has repeated applied this rule.  In *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003), the plaintiff won a jury verdict of $2.00. The district court granted *Pouillon's* motion for attorney fees in the amount of $35,690.00. This was an abuse of the district court's discretion. The Sixth Circuit noted the most critical factor in determining the reasonableness of an attorney fee award is the degree of success obtained. "In a civil rights action for compensatory and punitive damages, the awarding of only nominal damages highlights the plaintiff's failure to prove actual injury or any basis for awarding any punitive damages. . . . The only reasonable fee is usually no fee at all." *Id.* at 716 (quoting *Farrar,* 506 U.S. at 115). The Sixth Circuit further noted *Pouillon* had failed to demonstrate his case was "distinguishable from the `usual' case where a prevailing civil rights plaintiff is not entitled to attorney fees when all that he has won is a technical vindication of rights in the form of nominal damages." *Id.* at 717 (citing *Johnson v. City of Aiken*, 278 F.3d 333 (4th Cir. 2002)). *Pouillon* had asserted the fee award from the district court should be upheld, because he was successful in accomplishing his primary goal - obtaining a finding of liability against the defendants. *Id.* at 717.

In *Cramblit v. Fikse*, 33 F.3d 633, 635–36 (6th Cir. 1994), the plaintiff tried to avoid the *Farrar* rule by arguing that his case was not primarily about damages.  The Sixth Circuit disagreed, based on the fact that the complaint sought monetary damages.  Noting that the award of nominal damages in that case "highlights the plaintiff's failure to prove actual, compensable injury," and that "[w]hen a plaintiff recovers only nominal damages because

of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all" *id.* (citing *Farrar*), the court awarded no attorney fees.

In *McBurrows v. Michigan Dept of Transp*, 159 Fed. Appx. 638, 640–41 (6th Cir. 2005), the plaintiff sought damages of $500,000—considerably less than the $2.7 million sought by our Plaintiff—and was awarded $1 in nominal damages.  The Sixth Circuit affirmed the district court's decision to award no attorney fees.

More recently, in *Glowacki v. Howell Pub. Sch. Dist.*, 566 Fed. Appx. 451, 454–55 (CA 6, 2014), the Sixth Circuit applied the *Farrar/Hadix* rule to uphold a decision not to award attorney fees in a case with a nominal damages award where the plaintiff did not even ask for monetary damages.  The court recognized that "nothing in Farrar confines its technical-judgment analysis to unsuccessful claims for monetary damages." *Id.,* at 454-455.

At best, HLV employs the same logic in its brief that has been repeatedly rejected by the Sixth Circuit.  However, HLV never sought ***any relief*** in this case, other than money damages. The history of the settlement negotiations clearly demonstrates HLV has been solely motivated to obtain a "substantial money judgment." *Id.* at 718. In its second amended complaint, the only relief sought was for damages sustained by HLV, and attorney fees incurred. *(*ECF No. 114, PageID. 2340). If it was the "principle" which mattered, a finding of liability which was all important to HLV, then it certainly would not have settled with Kelly Page. As noted by the concurrence in *Pouillon*, "Our holding that the extent of his victory was nugatory is wholly explained by the fact that he only sought money damages." *Id.* at 719.  The holdings in *Farrar, Hadix, Pouillon, Cramblit*, *McBurrows,* and *Glowacki* are all fatal to Plaintiff's request.  If anything, the plaintiffs in those cases all had stronger

arguments than our Plaintiff, who unquestionably sought primarily monetary damages and who failed to convince the jury to award them.

Other decisions are in accord. In *Hamilton v. Lokuta*, 871 F. Supp. 314 (E.D. Mich. 1994), the plaintiff similarly obtained an award of only nominal damages, and was not entitled to any costs or fees. The Eastern District, relying on the Sixth Circuit decision in *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994), noted the plaintiff had requested considerable monetary damages, but only was awarded $1.00 in compensatory damages, with no punitive damages. Citing *Cramblit,* the Eastern District noted the award of nominal damages indicated the plaintiff had failed to prove actual, compensable injury, an essential element of her claim for monetary relief. *Id.* at 316. The Eastern District further noted that an award of punitive damages would have provided strong evidence of a public purpose. However, the plaintiff received no punitive damages. The Eastern District appropriately found the plaintiff had not shown her lawsuit served any public purpose beyond establishing a §1983 violation. *Id.* at 317.

Indisputably a wide gulf exists between the amount of damages demanded by HLV during settlement negotiations and as requested from the jury in closing argument, and the $1.00 obtained as nominal damages. This wide gulf compels the conclusion that the di minimus nature of Plaintiff's victory makes the proper fee determination "immediately obvious." *Farrar, supra* at 118. This lawsuit accomplished nothing beyond giving Plaintiff "the moral satisfaction of knowing a jury concluded its rights had been violated." *Id*. at 114. Plaintiff realized a Pyrrhic victory - "It asked for a bundle, and received only a pittance." *Id.* at 120.

### B.  Plaintiff's Rejection Of Settlement Offers Bars Claims For Costs And Fees.

A second basis for the denial of both fees and costs pertains to the history of offers to compromise that were rejected by Plaintiff.  Evidence of settlement negotiations in fee disputes does not violate Fed. R. Evid. 408, and must be used by this Court as an indicator of degree of success obtained by Plaintiff for the purpose of determining what, if any , fees are to be awarded pursuant to 42 U.S.C. §1988. See *Lohman v. Duryea Borough,* 574 F.3d 163, 165 (3rd Cir. 2009); *Hines v. Dewitt,*  W.L. #2342014 (S.D. Ohio 2016) (**Exhibit B**). The Sixth Circuit has appropriately declared "few, if any, reasonable litigants would call a monetary judgment that comes in well under the money offered to settle the case a success." *McKelvey v. Secretary of United States Army*, 768 F.3d 491, 495 (6th Cir. 2014).

Rejecting a reasonable settlement offer, and proceeding to trial in order to receive a lesser verdict, is the antithesis of serving as a "private attorney general."  It does not serve the public. It does not serve opposing litigants. It does not serve this Court, either.

Courts consistently have noted attorney fees should not be awarded to plaintiff's counsel in those cases when pretrial "carrot and stick" court rules, and procedures, have failed to produce a settlement with the plaintiff proceeding to trial and receiving a less favorable verdict than offers previously extended. See *Marek v. Chesney*, 473 U.S. 1 (1985) (utilizing Fed. R. Civ. P. 68); *Taniguchi v. Kan Pac. Saipin, Ltd.,* 506 U.S. 560, 132 S. Ct. 1997, 2006 (2012)(utilization of Fed. R. Civ. P. 54(v). Pursuant to Fed. R. Civ. P. 54(d), a rejection of settlement offer warrants significant reductions, or rejection of fee awards, because it unnecessarily prolonged litigation. See, *McKelvey, supra* at 496 (citing *White & White, Inc. v. American Hospital Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986)).

As cogently stated by the Sixth Circuit in *McKelvey*, the Federal Rules of Civil Procedure, as well as settlement conferences and settlement negotiations, constitute a combination of "carrots and sticks" in order to encourage settlement and to deter wasteful litigation. Reductions of a lodestar amount, based upon a plaintiff's rejection of prior settlement offers, has a similar effect. *Id.* In other words, the prospect of ***not*** receiving costs and fees as a prevailing party must act as an incentive to plaintiff's attorneys to ***properly analyze*** and ***evaluate*** their cases. Indeed, in this case Plaintiff's counsel consistently attempted to improperly use 42 U.S.C. §1988 as a bludgeon to legally extort an unwarranted amount in settlement. This mindset certainly was manifested in Plaintiff's counsel's e-mail of April 14, 2018. Plaintiff's counsel was taking this position irrespective of the admonition set forth in the April 13, 2018, letter to Plaintiff's attorney. An award of nominal damages would not yield a favorable response warranting attorney fees. Further, on April 14, 2018, Plaintiff's counsel was provided with the specific citation to the *Farrar v. Hobby* Opinion, and an explanation of the probable effect of achieving only a verdict of nominal damages. See **Exhibit A,** attached e-mails and letters. It is incomprehensible Plaintiff's counsel was unaware of the *Farrar v. Hobby* decision prior to April 14, 2018. However, notably absent from Plaintiff's brief for attorney fees is any mention of that decision, other than an oblique citation without any discussion of its legal significance. Federal fee shifting statutes and rules must not be interpreted as a one-way rachet for plaintiff attorneys to drive up the cost of litigation, with a huge resulting request for costs and fees. Congress did not enact 42 U.S.C. §1988 to serve as "a relief Act for lawyers." *Farrar, supra* at 122.

While Stewart submits that no fees or costs of any kind should be awarded based on Plaintiff's failure to recover any compensatory damages, in the alternative, any award of either costs or fees must surely be reduced to a small fraction of what Plaintiff requests, given the history of settlement offers and rejections.  In March 2018, Plaintiff was offered $55,000.00 to not take this case to trial. At that point in time, this Court had before it Gary Stewart's motion in limine to preclude Plaintiff from seeking any compensatory damages at trial. At that point, Plaintiff was aware Stewart was claiming Plaintiff had ___**no claim**___ for compensatory damages because Plaintiff, through counsel, had filed a Satisfaction of Judgment, including for all costs and attorney fees, in Van Buren County Circuit Court in 2016. Moreover, Plaintiff's counsel was aware Stewart was asserting Plaintiff had failed to provide the required computation of each category of damages pursuant to Fed. R. Civ. P. 26(a). On March 27, 2018, this Court entered its order granting Defendant Stewart's motion in limine (ECF. #431). Incredibly, despite having the "harsh sanction" of exclusion of compensatory damages imposed in this lawsuit, Plaintiff continued to reject Defendant Stewart's more than good faith attempts to resolve this case prior to trial. Plaintiff did so with the full knowledge a jury would have only two possible options for damages – the nominal amount of $1.00, or punitive damages.

As far back as October, 2016, Plaintiff was aware it had reached a settlement with ELC in February, 2014, to include payment of all costs and attorney fees incurred in that Collection Action; and a Satisfaction of Judgment was entered by Plaintiff's counsel in Van Buren County Circuit Court in 2016. Plaintiff had to know, at that point in October, 2016, it had no basis for proceeding on any claim for compensatory damages. Plaintiff has proceeded during the pendency of this lawsuit on what in reality has been two possible

forms of damages – nominal or punitive. Plaintiff rolled the dice on its quest for punitive damages. Plaintiff's roll for punitive damages came up "snake eyes." Plaintiff realized 1/5,000 of the amount it was offered at mediation on October 27, 2016.

Plaintiff's degree of success in its scorched earth litigation attempts produced a Pyrrhic victory. Not only did Plaintiff waste the time of the parties and this Court, it wasted the time of witnesses who were not parties to this lawsuit as well. Finally, Plaintiff's stiff-necked attitude towards resolving problems wasted six (6) days of eight (8) federal court jurors lives. Plaintiff must **_not_** be rewarded for its obdurate litigation practices, which are the antithesis of attempting to serve as problem solvers before this Court.

### C.   Plaintiff Has Failed To Meet Its Burden For Establishing Entitlement To Costs And Fees.

Plaintiff's fee petition is also notable for the absence of any attempt to segregate costs or fees on claims upon which Plaintiff did not prevail. Plaintiff's lawsuit was predicated upon two (2) separate conspiracy claims – to deprive HLV of Due Process while Judge Hamre was presiding over the *HLV v. ELC* Collection Matter, and the claim Defendant Stewart conspired with prosecuting attorneys in the prosecution of Baker and Donovan Visser. These indisputably are unrelated claims.  The facts and circumstances are not so interrelated that costs and fees incurred cannot be segregated. "The congressional intent to limit awards to prevailing parties requires these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley, supra* at 435.

As the applicant for the fees, Plaintiff bears the burden of establishing its entitlement to an award, and to document the appropriate hours expended on the claim upon which it prevailed. "The applicant should exercise `billing judgment' with respect to

hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* at 437. A review of the billing records submitted by Plaintiff, PageID. 7687-7775, shows Plaintiff's counsel has miserably failed in this regard.

For the sake of brevity and efficiency, reference will be made to only a few of these failures. Time entries are included for consultation with various witnesses who never had any involvement in this lawsuit. See, Consultation with Greg; Consultation with Collette; Consultation with Eric from district court; Conversation with Curtis Griffeth; Consultation with Mr. Bultema; Prepare affidavit for Mr. Ashen; Conference with attorney Manning; Consultation with attorney Martinez; Telephone call with attorney McNeil; Correspondence from Tammy Bolten; Ryan Gilbert; attorney Klaus; Steven Crowell; Mr. Gracer; Mike Risko; attorney Collier.  See ECF No. 519-2 PageID. 7686-7715, entries #8-9, 12, 56, 68, 70, 86, 90, 132, 170, 184, 211-214, 228, 245, 307, 393, 398, 418, 511, 546, 549, 565-66, 578, 702, 704, and 765.

Plaintiff also failed to exclude from its billings communications and interactions with attorneys for Michael McKay and Mike Bedford (James Tamm and George DeGrood). Those pertained solely to the malicious prosecution claim. The depositions of Bedford, McKay and Van Buren County Magistrate Judge Craig Hess exclusively involved Plaintiff's malicious prosecution claim. Plaintiff failed to exclude any of the time entries for those tasks.

Plaintiff also seeks reimbursement for costs and fees on tasks performed by more than one attorney. This includes two attorneys attending depositions, mediations, and court hearings. See *Id.*, entries #204, 209, 223, 225, 331-32, 399, 401, 540-41, 543-44, 679-

12

80, 685-86, 698-99, 707, 709, 711-12, 732-36, 757-58, 842, 844, 928-29. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . ." *Hensley, supra* at 434. Plaintiff includes entries for tasks that were overstaffed, and hours expended which were not reasonable. *Id.*

Further problematic in evaluating the reasonableness of hours claimed to have been incurred is the practice of "block billing" utilized by Plaintiff's counsel. See *Id.,* entries#560, 565, 571, 573-75, 577, 580, 582-83, 586, 590, 593-95, 598, 604, 606, 613, 618, 620-21, 625, 627, 630, 638, 640, 645-46, 665, 675, 679, 688, 690, 694, 696, 702, 718, 725, 726, 728, 733, 738, 740, 746, 755, 766-67, 769, 794, 796, 803, 807, 883, 885, 890, 892, 911, 913, 917. This is a practice in which a large amount of time is posted for the performance of numerous tasks. The practice of block billing is frowned upon by the Sixth Circuit. See *Imwalle v. Reliance Med. Prod. Inc.,* 531 F.3d 531, 553 (6th Cir. 2008) "When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus hindered in determining whether the hours billed are reasonable." See **Exhibit C,** *e.g., Kiewit Offshore Services Ltd. v. Dresser-Rand Global Services, Inc.,* 2017 W.L. 2599325 (S.D. Texas 2017).

Thus, even if Plaintiff *had* obtained a substantive victory in this case, and even if Plaintiff *had not* repeatedly rejected offers more favorable than what was awarded, the lodestar amount being claimed by Plaintiff would have to be reduced by a minimum of 80%. Plaintiff cannot be reimbursed for costs and fees incurred on its malicious prosecution claim. Plaintiff's counsel cannot be rewarded for the overstaffing of tasks, and for the poor billing judgment reflected in block billing.

13

**D.     Plaintiff Has Failed To Provide Information Regarding Fee Arrangement.**

One of the factors required for evaluating a fee petition is whether HLV was paying its attorneys on a contingency basis, or on a regular basis through billing invoices. Plaintiff has failed to provide any evidence of this arrangement.

**E.     Plaintiff's claimed costs are excessive.**

Plaintiff claims it is entitled to costs pursuant to 42 U.S.C. §1988 as a prevailing party, as well as pursuant to Fed. R. Civ. P. 54(d), and 42 U.S.C. §1920.  Costs which are taxable under §1920 are generally limited to relatively minor, incidental expenses, and typically a fraction of the non-taxable expenses paid by litigants to attorneys, experts, and investigators.  *Taniguchi*, *supra* at 573. The burden is on the Plaintiff to establish the amount of compensable costs and expenses to which it is entitled.  It assumes the risk inherent in a failure to meet that burden.  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998).  Plaintiff must demonstrate the costs being claimed were authorized by federal law, are reasonable, and were necessary to the prosecution of its case.  *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).  Requiring Plaintiff to provide more than a bare-bones description of costs encourages it to scrutinize its bill of costs before submission, and to reduce objections by the Defendant.

The costs claimed by Plaintiff, in total, are set forth at PageID. 7753-56. Those requested pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. §1920 are set forth at PageID. 7573-7653. A cursory review of the costs claimed at PageID. 7753-7756 reveals a category of costs which must be rejected.  Plaintiff's counsel is claiming fees for work beginning in August 2015. See PageID. 7687. However, costs are being claimed prior to that date. These include copy costs in 2013-14; handwriting expert in 2013; on-line research for 2013-14;

investigative services in 2013-14; mileage charges from 2013 through July 2015; and postal charges from October 2013 through May 2014. There is no way to match up these claimed costs with tasks which were being performed.

Plaintiff also seeks reimbursement for charges for on-line research. See PageID. 7753. A review of the dates on-line research is claimed to have been performed, with corresponding time entries, reveals the ***only*** time entry for on-line research is May 7, 2018. Any request for costs for on-line research, other than May 7, 2018, cannot be considered by this Court.

In similar fashion, a review of the mileage charges being claimed as costs do not match with corresponding dates when tasks were being performed. For example, there is a claim for mileage on June 21, 2017, in the amount of $177.10. See PageID. 7754. Review of the attorney time entries for that date reveals no tasks being performed which would have involved any travel, whatsoever. See PageID. 7701. This problem is also manifested with mileage claimed on August 25, 2017 of $150.70. Compare PageID. 7755, with PageID. 7705. Further comparisons of mileage claimed yield no comparable attorney tasks being performed requiring mileage. Moreover, there are three entries for mileage for Donovan J. Visser on April 18, April 19, and April 25, each in the amount of $52.80. See PageID. 7755. This was during trial. Donovan J. Visser was not trial counsel. His charging for mileage to and from the trial cannot be deemed to be either reasonable or necessary.

Plaintiff also seeks a total amount of $39,986.81 for "exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case." This amount is for Acorn Legal Solutions, and Elijah, for electronically stored information. This request by Plaintiff is clearly excessive under well-established law in the

6th Circuit and in this Court. The costs which can be recovered pursuant to Fed. R. Civ. P. 54(d) are defined by 43 U.S.C. §1920. See *Taniguchi, supra* at 565. The discretion granted to courts pursuant to Fed. R. Civ. P. 54(d) is not an empowerment to evade the "specific categories of costs set forth by Congress." *Id.* at 572 (quoting *Crawford Fitting Company v. J.T. Gibbons, Inc.* 482 U.S. 437, 442 (1987)). Instead, Congress established a "narrow scope of taxable costs." *Id.* These costs are limited by statute, are modest in scope, and are a fraction of non-taxable expenses born by litigants. *Id.*

The Sixth Circuit addressed those costs to be taxed involved in the imaging of a hard drive as falling within the ordinary meaning of "making copies" in *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293 (2015). In *Colosi*, the Sixth Circuit held it is only the cost of ***producing*** an image copy of a hard drive which are to be taxed pursuant to 28 U.S.C. §1920(4), as long as the copy was reasonably obtained for use in the case. *Id.* at 297-98. Recently, this Court held that the recoverable costs under 43 U.S.C. §1920(4) are "those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise. Only the costs of creating the produced duplicates are included, not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication." See **Exhibit D**, *Ma v. American Electric Power, Inc.,* 2017 W.L. 6422566 (W. D. Mich. 2017). (quoting *CBT Flint Partners, LLC v. Return Path, Inc.,* 737 F.3d 1320, 1328 (Fed. Cir. 2013)).

A simple review of Exhibit E to Plaintiff's Bill of Costs, PageID. 7632-7652, discloses Plaintiff inappropriately, and without any justification, is attempting to obtain payment for all costs associated with not only copying an image of Gary Stewart's electric devices, but training on how to interpret the data, searching through and manipulating data. It goes so

16

far as to seek costs for the preparation of affidavits for use at trial. Plaintiff's gross overreaching cannot be condoned by this court. It is submitted Plaintiff has failed to meet its burden of establishing it is entitled any reimbursement for any costs or expenses incurred from either Acorn or Elija.

## IV.     CONCLUSION.

As set forth in this brief, Plaintiff is not entitled to any award of any costs or fees as a prevailing party pursuant to *Farrar v. Hobby*, and its progeny.  The nominal damages of $1.00 is purely technical or de minimus, and no fees must be awarded by this Court. Plaintiff's rejection of reasonable settlement offers further bars Plaintiff from any costs and fees.

Dated  May 24, 2018                     Respectfully submitted,

                                        PLUNKETT COONEY


                                        By:   /s/ Robert A. Callahan
                                             Robert A. Callahan (P47600)
                                             Attorney for Defendant Stewart
                                             950 Trade Centre Way, Suite 310
                                             Kalamazoo, MI  49002
                                             **Direct Dial:  269/226-8856**


Open.00560.40061.20354566-1